1  KEVIN V. RYAN (CSBN 118321)
United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
3  ANDREW Y.S. CHENG (CSBN 164613)
Assistant United States Attorney
4
   450 Golden Gate Avenue, Box 36055
5  San Francisco, California 94102-3495
   Telephone: (415) 436-6813
6  Facsimile:  (415) 436-6748

7  Attorneys for Federal Defendant

8

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12 VAN TU TRINH, STEPHEN LU, and      )   No. 06-3083 MEJ
   MUOI DUONG,                        )
13                                    )
       Plaintiffs,                    )
14                                    )   **STIPULATION AND AGREEMENT OF**
       v.                             )   **COMPROMISE AND  SETTLEMENT**
15                                    )   **AND [PROPOSED] ORDER**
   UNITED STATES OF AMERICA,          )
16                                    )
       Defendant.                     )
17                                    )
                                      )
18 _____  )

19      IT IS HEREBY STIPULATED AND AGREED by and between plaintiffs VAN TU

20 TRINH, STEPHEN LU, and MUOI DUONG ("Plaintiffs") and defendant United States of

21 America, (hereinafter the "Federal Defendant"), by and through their undersigned counsel, as

   follows:
22
        1.      The parties do hereby agree to settle, compromise and dismiss the above-
23
   captioned action ("This Action") under the terms and conditions set forth herein.
24
        2.      The Federal Defendant agrees to pay the sum of Twelve Thousand and Five
25
   Hundred Dollars and no cents ($12,500.00) to plaintiffs under the terms and conditions set forth
26
   herein.
27
        3.      The plaintiffs and their heirs, executors, administrators, assigns and attorneys
28
   hereby agree to accept the sum of Twelve Thousand and Five Hundred Dollars and no cents

($12,500.00) , in full and final settlement and satisfaction of the claims raised in This Action under the terms and conditions set forth herein.

4.      It is also agreed, by and among the parties, that the settlement amount of Twelve Thousand and Five Hundred Dollars and no cents ($12,500.00) represents the entire amount payable to plaintiffs and their heirs, executors, administrators, assigns and attorneys.

5.      It is also agreed, by and among the parties, that the settlement amount of Twelve Thousand and Five Hundred Dollars and no cents ($12,500.00) shall be made payable to plaintiff's counsel, Lawrence A. Strick, Law Offices of Lawrence A. Strick, 503 D Street, Suite 2, San Rafael, CA 94901.

6.      It is also agreed by and among the parties that neither plaintiffs nor any of their attorneys may make any claim for attorney's fees or other costs against the Federal Defendant.  It is also agreed, by and among the parties, that the respective parties will bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto.

7.      It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 percent of the amount of the compromise settlement.

8.      In consideration of the payment of Twelve Thousand and Five Hundred Dollars and no cents ($12,500.00) as set forth above, the plaintiffs agree that they will immediately upon execution of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in This Action or any claims that could have been asserted in This Action, which is captioned *Trinh, et al.  v. United States of America*, C 06-3083 MEJ.  The fully executed Stipulation of Dismissal will be held by counsel for the Federal Defendant and will be filed with the Court upon receipt by plaintiffs' counsel of the settlement amount.

9.      In consideration of the payment of Twelve Thousand and Five Hundred Dollars and no cents ($12,500.00) as set forth above, the plaintiffs hereby release and forever discharge the Federal Defendant, and any and all of their past and present agencies, officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities,

SETTLEMENT AGREEMENT,
C06-3083 MEJ

causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to This Action, including all claims under the Federal Tort Claims Act ("FTCA"), all constitutional or *Bivens* claims, any and all current or future claims by plaintiff's children, and any other claim relating to the events from April 20, 2005, or any and all claims that could have been asserted in the Complaint.

10.     In consideration of the payment of Twelve Thousand and Five Hundred Dollars and no cents ($12,500.00) as set forth above, the plaintiffs further agree that they may not and will not use or rely on the incidents and actions underlying the Complaint in any other administrative proceeding, state court action or federal court action to prove any kind of further or future claim against the United States or its agencies and employees.

11.     The provisions of California Civil Code Section 1542 are set forth below:
A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The plaintiffs having been apprised of the statutory language of Civil Code Section 1542 by their attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law.  The plaintiffs understand that if the facts concerning the plaintiffs' alleged injury and the liability of the Federal Defendant, or its agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by them to be true, this agreement shall be and remain effective notwithstanding such material difference.

12.     The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the Federal Defendant or its agents, servants, or employees.  This agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

SETTLEMENT AGREEMENT,
C06-3083 MEJ

13.     This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

14.     If any withholding or income tax liability is imposed upon plaintiffs based on payment of the settlement sum as set forth herein, plaintiffs shall be solely responsible for paying any such liability. Plaintiffs, and their attorney, will indemnify and hold harmless the Federal Defendant from any liability the Federal Defendant may incur from any government agency arising out of any failure by plaintiffs to pay any tax liability he might be responsible for from any government agency.

15.     Plaintiffs and their attorneys have been informed that payment of the settlement amount may take 120 days or more to process.

16.     The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

17.     Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this agreement and that they have had the contents of this agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

18.     If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

19.     This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

SETTLEMENT AGREEMENT,
C06-3083 MEJ

1      20.     The parties agree that this Stipulation for Compromise Settlement and Release,

2  including all the terms and conditions of this compromise settlement and any additional

3  agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly

4  consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

5      21.     The persons signing this Stipulation and Agreement warrant and represent that

6  they possess full authority to bind the persons on whose behalf they are signing to the terms of

7  the settlement.

8      22.     This agreement may not be altered, modified or otherwise changed in any respect

9  except in writing, duly executed by all of the parties or their authorized representatives.

Dated: November **12/2/06**, 2006

_Trinh Tu Van_
VAN TU TRINH
Plaintiff

Dated: November _____, 2006

_____
STEPHEN LU
Plaintiff

Dated: November _____, 2006

_____
MUOI DUONG
Plaintiff

Dated: **12-5-06**

By: _____
LAWRENCE A. STRICK
Attorney for Plaintiff

KEVIN V. RYAN
United States Attorney

Dated: **12/7/06**

By: _____
ANDREW Y.S. CHENG
Assistant United States Attorney
Attorneys for the Federal Defendant
United States of America

///

///

SETTLEMENT AGREEMENT,
C06-3083 MEJ

20.     The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

21.     The persons signing this Stipulation and Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

22.     This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Dated: November ____, 2006

_____
VAN TU TRINH
Plaintiff

Dated: November _8_, 2006

_____
STEPHEN LU
Plaintiff

Dated: November ____, 2006

_____
MUOI DUONG
Plaintiff

Dated: 12-5-06

By: _____
LAWRENCE A. STRICK
Attorney for Plaintiff

KEVIN V. RYAN
United States Attorney

Dated: 12/7/06

By: _____
ANDREW Y.S. CHENG
Assistant United States Attorney
Attorneys for the Federal Defendant
United States of America

///

///

SETTLEMENT AGREEMENT,
C06-3083 MEJ

20.   The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

21.   The persons signing this Stipulation and Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

22.   This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Dated: November ____, 2006

_____
VAN TU TRINH
Plaintiff

Dated: November ____, 2006

_____
STEPHEN LU
Plaintiff

Dated: November 7, 2006

_____
MUOI DUONG
Plaintiff

Dated: 12-5-06

By: _____
LAWRENCE A. STRICK
Attorney for Plaintiff

KEVIN V. RYAN
United States Attorney

Dated: 12/7/06

By: _____
ANDREW Y.S. CHENG
Assistant United States Attorney
Attorneys for the Federal Defendant
United States of America

///

///

SETTLEMENT AGREEMENT
C06-3083 MEJ

1

2  **PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT,
APPROVED AND SO ORDERED:**

3

4

Dated: December 8, 2006

5



6  MARIA-ELE
United States ~~gistrate Judge~~

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SETTLEMENT AGREEMENT,
C06-3083 MEJ